**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KELLEY WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **1:25-CV-831-ML** |
| **FRANK BISIGNANO,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **Defendant.** | § | |

### ORDER ON THE MERITS

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Acting Commissioner of the Social Security Administration, in their official capacity ("the Commissioner"), denying disability benefits to Plaintiff.[1] Before the court are Plaintiff's Opening Brief (Dkt. 12), Defendant's Brief in Support of the Commissioner's Decision (Dkt. 15), Plaintiff's Reply Brief (Dkt. 16), and the Record of the Social Security administrative hearing in this matter (Dkt. 7), cited as TR __. Having considered the briefing, the record below, and the case file as a whole, the Magistrate Judge affirms the Commissioner's decision

### I.    PROCEDURAL HISTORY

On February 16, 2022, Kelley Williams applied for Disability Income Benefits under Title II of the Social Security Act, alleging disability beginning February 14, 2022, due to the following: tardive dyskinesia intermittent uncontrol shaking; diabetes; high blood pressure; post concussive syndrome/head injury; degenerative arthritis; loss of ability to walk/motor function due to tardive dyskinesia; hypothyroidism; asthma; depression/anxiety/PTSD/bipolar; and anaphylaxis/allergy to alloy. TR 202-203, 262. Williams's claim was initially denied on April 14, 2023, and again, upon reconsideration on May 26, 2024. TR 80-90; 92-103. On June 4, 2024,

---

[1] With the parties' consent, and United States District Judge Robert Pitman transferred the case to the undersigned pursuant to 28 U.S.C. § 636(c). Dkt. 9.

Williams requested a hearing with an Administrative Law Judge (Tr. 125-126), and such hearing was held before Janice L. Holmes on October 23, 2024. Tr. 48-79.

The ALJ issued an unfavorable decision on November 7, 2024. Tr. 27-47. Williams appealed. The Appeals Council denied her request for review of the ALJ's decision on April 1, 2025, thereby making the ALJ's decision the Commissioner's final administrative decision. TR 1. Williams filed this action seeking judicial review of the ALJ's decision. Dkt. 1.

II.     APPLICABLE LAW

A.      Standard of Review

Judicial review of the ALJ's decision is limited. Specifically, the district court reviews: (1) whether the decision was supported by substantial evidence; and (2) if so, whether the Commissioner applied the proper legal standard. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Copeland*, 771 F.3d at 923; *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). A finding of "no substantial evidence" will be made only where there is a "conspicuous

absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

  **B.  Evaluation Process and Burden of Proof**

  Disability is defined as the "inability to engage in substantial gainful activity by reasons of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment or combination of impairments prevents the claimant from performing past relevant work; and (5) whether the impairment or combination of impairments prevents the claimant from doing any other work.  20 C.F.R. § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

  The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett*, 67 F.3d at 565. Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of

administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.*

### III.    THE ALJ'S DECISION

As an initial matter, the ALJ found Williams met the insured status requirement through December 31, 2027. The ALJ engaged in the standard five-step sequential process, finding at step one that Williams had not engaged in substantial gainful activity since her alleged onset date of February 14, 2022. TR 32.

At step two, the ALJ found Williams has the following severe impairments: obesity, degenerative joint disease of the bilateral knees, lumbar spondylosis, tardive dyskinesia, diabetes mellitus, asthma, hypertension, posttraumatic stress disorder, anxiety disorder, and depressive disorder. TR 32.

At step three, the ALJ determined Williams did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). TR 33.

Before reaching step four, the ALJ determined that Williams retains the residual functional capacity ("RFC")[2] to perform

> sedentary work as defined in 20 CFR 404.1567(a) except the claimant is limited
> to occasional climbing of ramps and stairs, but no ladders, ropes, and scaffolds;

---

[2] RFC is defined as the most an individual can still do despite their limitations. 20 C.F.R. § 404.1545. The responsibility to determine a claimant's RFC belongs to the ALJ. *Id.* § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite their physical and mental limitations. 20 C.F.R. § 404.1545. The ALJ must consider the limiting effects of the claimant's impairments, even those that are nonsevere, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given to the evidence, however, is within the ALJ's discretion. *See Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (citing *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988)).

> can occasionally balance, stoop, kneel, crouch, and crawl; frequent handling, fingering, and feeling; must avoid concentrated exposure to fumes, dusts, gases, poor ventilation or other pulmonary irritants; must avoid hazards such as unprotected heights, open flames or other sources of high temperatures, open bodies or storage containers of water or other liquids, and operating machinery, particularly motor vehicles or power tools. The claimant is able to carry out simple instructions, perform routine tasks, make simple work related decisions, and respond appropriately to changes in a routine work setting.

TR 36. Specifically, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. TR 36. In making this RFC assessment, the ALJ determined that Williams's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. TR 37.

The ALJ considered the opinion of internal medicine consultative examiner Thomas Pfeil, M.D.

> Internal medicine consultative examiner Thomas Pfeil, M.D., opined that the claimant has limitations to lifting and carrying more than 10 pounds, bending, and stooping; standing or walking more than 20 minutes before sitting to rest; is unable to navigate stairs, kneel, or squat (18F). To the extent that Dr. Pfeil's opinion comports with a limitation to a range of sedentary exertion, this opinion is partially persuasive because it is supported by the claimant's clinical presentation on exam, including her significant body movements, regular heart rate and rhythm, slow gait, decreased range of motion of the cervical spine, decreased range of motion of the bilateral knees, 5/5 motor strength, and intact sensation (18F/2-4). However, this opinion is not fully consistent with evidence of the claimant's continued abnormalities—such as pain with movement of the head (10F/15), somewhat diminished breath sounds at the lung bases related to habitus, some waxing and waning abnormal movements, and a stiff gait (17F/5, 11)— which warrant greater postural and environmental limitations, as outlined and established in this decision herein.

TR 40.

Continuing on to step four of the sequential evaluation process, the ALJ found Williams unable to perform any past relevant work. TR 41. Williams was 44 years old on the alleged disability onset date. TR 22. The ALJ further found Williams has at least a high school education

and transferability of job skills is not an issue because the Medical-Vocational Rules support a finding that Williams is not disabled, irrespective of transferable job skills. TR 41.

Considering Williams's age, education, work experience, and RFC, the ALJ found there are jobs that exist in significant numbers in the national economy that Williams can perform. TR 41-42. Accordingly, the ALJ found Williams has not been under a disability from February 14, 2022, through the date of the ALJ's decision. TR 42.

Williams now appeals from the ALJ's determination that he is not disabled.

IV.    ANALYSIS

A.    Issues Presented

Williams presents one issue:

The ALJ's disability determination is not supported by substantial evidence, because the ALJ rejected portions of the examining physician's medical opinion without explanation, despite objective medical evidence supporting the examining physician's RFC limitations.

B.    Discussion

Specifically, Williams asserts the ALJ's RFC is not supported by substantial evidence because the ALJ failed to adequately assess Dr. Pfeil's opinion. Dkt. 12 at 7. "[T]he ALJ failed to address the portion of Dr. Pfeil's opinion that Plaintiff is unable to navigate stairs, kneel, or squat." *Id*. (citing TR 955). The Commissioner responds that, at best, this is harmless error because none of the jobs that the ALJ found Williams could perform required the activities that Dr. Pfeil opined she could not perform. Dkt. 15 at 5-7 (citing *Dictionary of Occupational Titles* (DOT) and the *Selected Characteristics of Occupations* (SCO)). Thus, the Commissioner argues that even if the ALJ erred in not limiting Williams to never kneeling, stair climbing, or squatting, affirmance is nonetheless appropriate.

In reply, Williams attempts to save her case by arguing that "the ALJ's omission of the three postural limitations supported by Dr. Pfiel's opinion calls into question the integrity of the ALJ's decision." Dkt. 16 at 2.

An ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). If the ALJ does not satisfy his duty, his decision is not substantially justified. *Id*. Reversal of his decision, however, is appropriate only if the applicant shows that they were prejudiced. *Id*.; *Madkins v. Bisignano*, 150 F.4th 657, 663 (5th Cir. 2025) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."). "The touchstone for assessing prejudice is whether errors 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Lozano v. Comm'r*, No. 4:21-CV-1365-P, 2023 WL 2618132, at *6 (N.D. Tex. Mar. 2, 2023), report and recommendation adopted, No. 4:21-CV-01365-P, 2023 WL 2619311 (N.D. Tex. Mar. 23, 2023); *see also Alexander v. Astrue*, 412 F. App'x 719, 723 (5th Cir. 2011) (finding harmless error and affirming where "the vocational expert's response would have been the same" if the ALJ had included the inability to stoop in the hypothetical question).

Here, even if the ALJ erred in assessing Dr. Pfeil's opinion, Williams has failed to show she was prejudiced by such error. "Ultimately, the ALJ's failure to include the additional postural limitations recognized by [Dr. Pfeil] was harmless error because none of the three representative occupations cited by the ALJ require postural activity." *Derwin Williams v. Colvin,* No. H-15-82, 2016 WL 1182220, at *9 (S.D. Tex. Mar. 28, 2016). The Commissioner has demonstrated that none of the jobs the ALJ found Williams could still perform required the abilities that Dr. Pfeil opined Williams could not do. Accordingly, any error by the ALJ was harmless.

## V.    CONCLUSION

As previously stated, the court's role here is to determine whether the ALJ's decision was supported by substantial evidence and whether the ALJ applied the proper legal standard. *Copeland*, 771 F.3d at 923. It is the court's responsibility to ensure the ALJ's decision is supported by more than a scintilla of evidence and that the ALJ properly applied the relevant standards. The court cannot find the ALJ erred against Williams in any meaningful way.

Accordingly, the undersigned **AFFIRMS** the Commissioner's decision in all aspects and **DISMISSES** the complaint.

SIGNED April 20, 2026.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE